UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE D. SMITH,

    Plaintiff,

v.

OFFICER JOHN GIOVANNINI, et al.,

    Defendants.

No. 2:15-cv-1410 TLN AC PS (TEMP)

ORDER

        Plaintiff Wayne Smith is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that make the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a

1

complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

## SCREENING

Here, plaintiff's complaint fails to contain a plain statement of a claim showing that plaintiff is entitled to relief.  In this regard, plaintiff's complaint alleges that he was a "U.S. Government Employee; Known as 008-TW1 (Maximus) Now Known as (BASS)," until his arrest on July 3, 2013, in which his service dog "HORN DOG," was "illegal[ly] impounded."  (Compl. (ECF No. 1) at 4-5.)  Although the allegations found in plaintiff's complaint are difficult to decipher, it seems they allege that on July 3, 2013, plaintiff was arrested at the Falcon Lodge and Suites in Kings Beach, California, by defendant John Giovannini, a Placer County Sheriff, and later prosecuted by defendant Christopher Cattran, a deputy district attorney, for burglary and other related charges.  (Id. at 5.)  Plaintiff was incarcerated at the Placer County Jail, which is also named as a defendant.  (Id. at 8.)  The complaint then asserts numerous vague and conclusory

allegations against these and other named defendants.

For example, the complaint alleges that defendant Giovannini "[c]omitted perjury, to secure the false arrest of the plaintiff, on July 3, 2013, at the Falcon Lodge and Suites . . . ." (id. at 5); that defendant Cattran "ratified the perjury" by charging plaintiff with burglary "and intent to commit larceny and any felony" (id. at 6); that the defendants "acted collectively to discriminate against the plaintiff on the basis of his" Native American ancestry (id. at 9-10) ; and that the defendants identified above, as well as defendant Ricky Martino, a Placer County Deputy Probation Officer, and John C. Rogers, the president of East Bay Investors, acted "together to[] falsely imprison the plaintiff . . . ." (id. at 11).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, the Civil Rights Act, under which this action was filed, provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which

3

complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition to the numerous vague and conclusory allegations found throughout the complaint, the complaint also attempts to assert six identified causes of action, all of which also contain only vague and conclusory allegations. The court now addresses those specific claims which it can best decipher.

1. Count One: First Amendment

The complaint attempts to assert a cause of action for the violation of plaintiff's rights under the First Amendment. (Compl. (ECF No. 1) at 11.) Although plaintiff alleges that his "free exercise" rights were violated, he appears to be concerned with issues of assembly and speech. (Id.) "The First Amendment forbids government officials from retaliating against individuals for speaking out." Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir. 2010) (citing Hartman v. Moore, 547 U.S. 250, 256 (2006)). It also "protects a significant amount of verbal criticism and challenge directed at police officers." City of Houston v. Hill, 482 U.S. 451, 461 (1987). While an individual's critical comments may be "provocative and challenging," they are "nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." Id. (quoting Terminiello v. City of Chicago, 337 U.S. 1, 4 (1949)). "The freedom on individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." Id. at 462-63.

////

An individual has a right "to be free from police action motivated by retaliatory animus but for which there was probable cause." Skoog v. Cnty. of Clackamas, 469 F.3d 1221, 1235 (9th Cir. 2006). To recover for such retaliation under § 1983, a plaintiff must prove: (1) he engaged in a constitutionally protected activity; (2) as a result, he was subjected to an adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. Id.; see also Ford v. City of Yakima, 706 F.3d 1188, 1193 (9th Cir. 2013) (stating that a plaintiff must be able "to prove the officers' desire to chill [the plaintiff's] speech was a but-for cause of their allegedly unlawful conduct"). Here, the allegations found in the complaint fail to address precisely how any of the defendants violated plaintiff's rights under the First Amendment.

  2.  Count Two: Fourth Amendment

The complaint also attempts to assert a cause of action for the violation of plaintiff's rights under the Fourth Amendment. (Compl. (ECF No. 1) at 12.) To state a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment due to the excessive use of force, a complaint must allege that the amount of force used by a police officer was not objectively reasonable in light of the totality of the circumstances facing the officer, taking into account a range of factors to assess the amount of force used and the governmental interests at stake. See Graham v. Conner, 490 U.S. 386, 396 (1989); Moss v. U.S. Secret Service, 711 F.3d 941, 966 (9th Cir. 2013). "[T]he most important single element" of the Graham framework is "whether the suspect poses an immediate threat to the safety of the officers or others." Moss, 711 F.3d at 966 (quoting Chew v. Gates, 27 F.3d 1432, 1441 (9th Cir.1994)).

A plaintiff may also state a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment due unlawful seizure based upon a false arrest. To state such a claim a complaint must allege facts showing that the defendant "by means of physical force or show of authority . . . in some way restrained the liberty of" the identified plaintiff. Graham, 490 U.S. at 395, n. 10 (citing Terry v. Ohio, 392 U.S. 1, 19, n. 16 (1968) and Brower v. County of lnyo, 489 U.S. 593, 596 (1989)). "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth

Amendment, provided the arrest was without probable cause or other justification."  Dubner v. City and County of San Francisco, 266 F.3d 959, 964-65 (9th Cir. 2001).  Here, however, the complaint fails to allege precisely how any named defendant violated plaintiff's rights under the Fourth Amendment.

### 3. Count Four: Fourteenth Amendment – Equal Protection

The complaint also attempts to assert a cause of action for the violation plaintiff's rights under the Fourteenth Amendment, "specifically the Equal Protection Clause."  (Compl. (ECF No. 1) at 14.)  The Equal Protection Clause guarantees, "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws," U.S. CONST. AMEND. XIV, § 1, which is essentially a direction that all persons similarly situated should be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Serrano v. Francis, 345 F.3d 1071, 1081 (9th Cir. 2003).  The equal protection guarantee protects not only groups, but individuals who would constitute a "class-of-one."  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

An equal protection claim based on a "class of one," which does not depend on a suspect classification such as race or gender, requires a plaintiff to allege that he has been (1) "intentionally treated differently from others similarly situated" and (2) "there is no rational basis for the difference in treatment."  Village of Willowbrook, 528 U.S. at 564; see also Gerhart v. Lake County, Mont., 637 F.3d 1013, 1022 (9th Cir. 2011).  "Such circumstances state an Equal Protection claim because, if a state actor classifies irrationally, the size of the group affected is constitutionally irrelevant."  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).  The rationale is that "[w]hen those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to assure that all persons subject to legislation or regulation are indeed being 'treated alike, under like circumstances and conditions.'"  Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 602 (2008).  Here, plaintiff's complaint fails to allege how he was intentionally treated differently from others similarly situated or that there was no rational basis for the difference in treatment.

////

6

### 4. Count Six: RICO

The complaint also attempts to assert a RICO cause of action against defendants Giovannini, Cattran, Martino and Rogers. (Compl. (ECF No. 1) at 15.) To state a RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to plaintiff's business or property. Sanford v. Memberworks, Inc., 625 F.3d 550, 557 (9th Cir. 2010); Walter v. Drayson, 538 F.3d 1244, 1247 (9th Cir. 2008); Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). The alleged enterprise must exist "separate and apart from that inherent in the perpetration of the alleged [activity]." Chang v. Chen, 80 F.3d 1293, 1300-01 (9th Cir. 1996). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud). These so-called "predicate acts" under RICO must be alleged with specificity in compliance with Rule 9(b). Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400-01 (9th Cir. 2004); see also Lancaster Community Hospital v. Antelope Valley Hospital Dist., 940 F.2d 397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir.1988); Pineda v. Saxon Mortgage Services, No. SACV 08-1187 JVS (ANx), 2008 WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions" to establish a RICO claim but rather, plaintiff must give each defendant notice of the particular predicate act it participated in and must allege each predicate act with specificity). Here, plaintiff's complaint merely asserts that he "suffered damage" as a result of the defendants' "continuous scheme known as (R.I.C.O)." (Compl. (ECF No. 1) at 15.)

### 5. Other Claims

In Count Three plaintiff invokes a plethora of constitutional principles, primarily the Fifth and Eighth Amendment protections related to self-incrimination, deprivation of property without due process, excessive bail, and cruel and unusual punishment. In Count Five he appears to be

////

asserting claims under one or more federal statutes.  The court is unable to decipher these putative claims.

In light of all the deficiencies noted above, plaintiff's complaint will be dismissed for failure to state a cognizable claim.[1]

## LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot yet say that it appears beyond doubt that leave to amend would be entirely futile.  Plaintiff's complaint must be dismissed, but plaintiff will be granted leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.  "While

---

[1] Plaintiff initiated a prior action in this court on June 24, 2014, by filing a complaint that concerned the same events and many of the same defendants at issue in the complaint plaintiff filed in this action.  See Smith v. Giovannini, No. 2:14-cv-1501 GEB GGH PS, 2014 WL 4072192, (E.D. Cal. 2014).  Plaintiff's complaint filed in the prior action was also dismissed for the failure to state a cognizable claim.  (Id.)  Ultimately, the prior action was dismissed without prejudice as a result of plaintiff's failure to prosecute.

1  legal conclusions can provide the complaint's framework, they must be supported by factual
2  allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from
3  conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

4  Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
5  amended complaint complete. Local Rule 220 requires that any amended complaint be complete
6  in itself without reference to prior pleadings. The amended complaint will supersede the original
7  complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint,
8  just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
9  and identified in the body of the complaint, and each claim and the involvement of each
10 defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file
11 must also include concise but complete factual allegations describing the conduct and events
12 which underlie plaintiff's claims.

13  Accordingly, IT IS HEREBY ORDERED that:

14  1. Plaintiff's July 2, 2015, application to proceed in forma pauperis (ECF No. 2),
15 resubmitted on October 16, 2015, (ECF No. 3), is granted.

16  2. The complaint filed July 2, 2015 (ECF No. 1) is dismissed with leave to amend.

17  3. Within twenty-eight days from the date of this order, an amended complaint
18 shall be filed that cures the defects noted in this order and complies with the Federal Rules of
19 Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case
20 number assigned to this action and must be titled "Amended Complaint."[2]

21  4. Failure to comply with this order in a timely manner may result in a
22 recommendation that this action be dismissed.

23 DATED: January 7, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action, plaintiff may file a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.