UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE D. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER JOHN GIOVANNINI, et al.,<br><br>Defendants. | No. 2:15-cv-1410 TLN AC PS (TEMP)<br><br><br><br>ORDER |

Plaintiff Wayne Smith is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has been granted permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 7. Pending before the court is plaintiff's amended complaint. ECF No. 8.

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

1

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's amended complaint is quite difficult to read and comprehend. In this regard, much of text is blurry and it appears that the complaint is actually a compilation of documents. Moreover, many of the allegations found in the amended complaint appear to be fanciful. For example, the amended complaint alleges that plaintiff is "known by confidential contacts in all law enforcement agencies named in Placer County, CA . . . as 008-TW1 (Maximus)!" ECF No. 8 at 5. That in August of 2013, plaintiff "met in a clandestine meeting with the Placer County Cryptologist," who is willing to testify about "suicides deaths of former owners of motels in North Lake Tahoe," which would prove why the defendants in this action committed perjury. Id. at 9. That when questioned by Deputy Probation Officer Ricky Martino as to why plaintiff had the personal phone number of a police officer, plaintiff stated, "I work with the U.S. Government and report to [the officer] as a (CI) whenever he required," which Martino "confirmed." Id. at 12.

/////

Normally, the court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56). However, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Therefore, the in forma pauperis statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. Among those "are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id., at 328. This portion of the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Id. at 327.

Moreover, many pages of the amended complaint are exact copies of pages found in the original complaint, asserting claims which the court previously advised plaintiff were vague, conclusory and failed to state a claim. The court's January 7, 2016 order dismissing plaintiff's original complaint addressed these claims and their deficiencies. ECF No. 7. Plaintiff's amended complaint, however, simply reasserts many of these claims without any alteration from the original complaint.

However, plaintiff's amended complaint also alleges that on July 3, 2013, Placer County Sheriffs Officer John Giovannini "physically restrain[ed] plaintiff without probable cause . . . belly chained and handcuffed" plaintiff and "thrashed" plaintiff's "body around the parking lot," while "rifling through [plaintiff's] pockets." ECF No. 8 at 5. In this regard, the amended complaint coherently alleges that Officer Giovannini violated plaintiff's rights under the Fourth Amendment.

Based on these allegations, the undersigned finds that the amended complaint states a cognizable claim for violation of the Fourth Amendment as to Officer Giovannini. If the related allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail

on the merits of this claim in this action. However, the amended complaint fails to state any other cognizable claim.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff may proceed now to serve Officer Giovannini, as set forth below (instructions numbered 3-6), and pursue his claim against only that defendant. Alternatively, he may delay serving Officer Giovannini, and attempt to state additional cognizable claims.

2. **If plaintiff elects to attempt to further amend his complaint to state additional cognizable claims he has thirty days to do so** (and he may skip instructions numbered 3-6, below). He is not obligated to amend his complaint, and may instead proceed only against Officer Giovannini (see instructions 3-6, below). If plaintiff chooses to further amend so that he can proceed on additional claims, the second amended complaint will also be subject to screening.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. In the second amended complaint, as in the original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3. **If plaintiff elects to proceed now against Officer Giovannini**, then within thirty days plaintiff shall supply the U.S. Marshal with the information detailed below. If plaintiff elects to proceed against Officer Giovannini, the court will construe plaintiff's election as consent to the dismissal of all other claims without prejudice.

4. Service is appropriate for the following defendants: Placer County Sheriffs Officer John Giovannini.

5. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the amended complaint filed February 10, 2016 (ECF No. 8), an instruction sheet, and an appropriate form for consent to trial by a magistrate judge.

/////

6. Plaintiff is directed to supply the U.S. Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require at least:

    a. One completed summons for each defendant;

    b. One completed USM-285 form for each defendant;

    c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal; and

    d. One copy of the instant order for each defendant.

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

8. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

9. Failure to comply with this order may result in a recommendation that this action be dismissed for lack of prosecution and failure to comply with a court order.

DATED: April 15, 2016

_\[signature\]_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE