PLACER COUNTY COUNSEL'S OFFICE
Clayton T. Cook, Esq. (SBN 260891)
175 Fulweiler Avenue
Auburn, California 95603
Telephone:   (530) 889-4044
Facsimile:   (530) 889-4069

Attorney for Defendant John Giovannini

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE D. SMITH,<br><br>   Plaintiff,<br><br>   v.<br><br>OFFICER JOHN GIOVANNINI, et al.,<br><br>   Defendants. | Case No.  2:15-cv-01410-TLN-DB<br><br>**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant former Placer County Sheriff's Office Deputy Giovannini submits this answer, objects and otherwise responds to Plaintiff Wayne Smith's Amended Complaint (ECF No. 8) as follows:

## JURISDICTION OF THE COURT

1. Answering this section, Defendant admits that Plaintiff has alleged claims in the Amended Complaint that would support the jurisdiction of the Court.

## PARTIES IN THIS ACTION

2. Answering paragraph 1 of this section, Defendant admits that Deputy Giovannini is a former deputy for the Placer County Sheriff's Office and that he resides in the United States in the State of California. Defendant denies the remaining allegations contained therein.

///

1

3.      Answering paragraphs 2 through 6 of this section, Defendant lacks sufficient information and belief to answer the allegations contained within the paragraph, and on that basis denies them.

## THE NATURE AND CAUSE OF THIS ACTION

4.      Answering this section, Defendant lacks sufficient information and belief to answer the allegations contained within the paragraph, and on that basis denies them.

## ALLEGATIONS OF JURISDICTION

5.      Answering paragraph 1 of this section, Defendant admits that Deputy Giovannini is a U.S. citizen. Defendant lacks sufficient information and belief to answer the remaining allegations in the paragraph, and on that basis denies them.

6.      Answering paragraph 2 of this section, Defendant admits that on or about July 3, 2013, Deputy Giovannini approached Plaintiff by automobile in the parking lot of the Falcon Lodge and Suites located at 8258 North Lake Boulevard in Kings Beach, California.  Defendant also admits that he arrested Plaintiff, and that his actions were under color of law. Defendant lacks sufficient information and belief to answer the remaining allegations in the paragraph, and on that basis denies them.

7.      Answering paragraph 3 of this section, Defendant specifically denies that he acted without probable cause. Defendant lacks sufficient information and belief to answer the remaining allegations in the paragraph, and on that basis denies them.

8.      Answering paragraph 4 of this section, Defendant admits that he asked Plaintiff for the keys to Plaintiff's vehicle so that it could be secured, but he specifically denies that he "thrashed (P)'s physical Body around the parking lot." Defendant lacks sufficient information and belief to answer the remaining allegations in the paragraph, and on that basis denies them.

9.      Answering paragraph 5 of this section, Defendant admits that he arrested Plaintiff, and that he also went inside the Falcon Lodge where he saw indications that someone was living there. Defendant lacks sufficient information and belief to answer the remaining allegations in the paragraph, and on that basis denies them.  The "Exhibit #5" identified in the paragraph is not attached to the pleading.

10. Answering paragraph 6 of this section, Defendant admits that he asked for Plaintiff's keys to the hotel since Plaintiff did not have a right to be there. Defendant also admits that he asked for and received Plaintiff's car key so that he could lock it since Plaintiff was being arrested. The remaining allegations in the paragraph are conclusions of law to which no response is required. To the extent that the allegations do contain factual assertions, Defendant lacks sufficient information and belief to answer the allegations and on that basis denies them.

11. Answering paragraph 7 of this section, Defendant admits that he wrote the quoted sentences in the Crime/Incident report. Defendant denies the remaining allegations in the paragraph.

12. Answering paragraph 8 of this section, the allegations in the paragraph are conclusions of law to which no response is required. To the extent that the allegations do contain factual assertions, Defendant lacks sufficient information and belief to answer the allegations and on that basis denies them.

13. Answering paragraph 9 of this section, Defendant admits hearing Plaintiff state, "Everything I say can and will be used against me." Defendant denies the remaining allegations.

14. Answering paragraph 10 of this section, Defendant admits that he transported Plaintiff to the command post after Plaintiff was arrested. Defendant lacks sufficient information and belief to answer the remaining allegations in the paragraph, and on that basis denies them. The "Addendum" identified in the paragraph is not attached to the pleading.

15. Answering paragraph 11 of this section, Defendant denies the allegations.

16. Answering paragraph 12 of this section, Defendant admits that Plaintiff was booked into jail after his arrest. Defendant lacks sufficient information and belief to answer the allegations in the paragraph, and on that basis denies them.

17. Answering paragraph 13 of this section, Defendant lacks sufficient information and belief to answer the allegations in the paragraph, and on that basis denies them.

18. Answering paragraph 14 of this section, Defendant lacks sufficient information and belief to answer the allegations in the paragraph, and on that basis denies them.

19. Answering paragraph 15 of this section, Defendant denies the allegations.

20. Answering paragraph 16 of this section, Defendant lacks sufficient information and belief to answer the allegations in the paragraph, and on that basis denies them.

21. Answering paragraph 17 of this section, Defendant denies the allegations.

22. Answering paragraph 18 of this section, Defendant lacks sufficient information and belief to answer the allegations in the paragraph, and on that basis denies them.

23. Answering paragraphs 19 through 22 of this section, Defendant lacks sufficient information and belief to answer the allegations in the paragraphs, and on that basis denies them.

24. Answering paragraphs 23 and 24 of this section, Defendant denies the allegations as they are made against him.  Defendant lacks sufficient information and belief to answer the allegations in the paragraphs as against the other persons initially named as co-defendants, and on that basis denies them.

25. Answering paragraph 25 of this section, Defendant lacks sufficient information and belief to answer the allegations in the paragraph, and on that basis denies them.

26. Answering paragraph 26 of this section, Defendant incorporates by reference its responses to the preceding allegations.

### ALLEGATIONS AND FACTS COMMON TO ALL CAUSES OF ACTION

27. Answering paragraphs 27 through 32 of this section, Defendant denies the allegations as they are made against him.  Defendant lacks sufficient information and belief to answer the allegations in the paragraphs as against the other persons initially named as co-defendants, and on that basis denies them.

28. Answering paragraph 33 of this section, Defendant incorporates by reference its responses to the preceding allegations.

### COUNT I

29. Answering paragraphs 34 through 37 of this section, Defendant denies the allegations that are made against him.  Defendant lacks sufficient information and belief to answer the allegations in the paragraphs as against the other persons initially named as co-defendants, and on that basis denies them.

### COUNT II

4

30. Answering paragraph 38 of this section, Defendant incorporates by reference its responses to the preceding allegations.

31. Answering paragraphs 39 through 41 of this section, Defendant denies the allegations that are made against him.  Defendant lacks sufficient information and belief to answer the allegations in the paragraphs as against the other persons initially named as co-defendants, and on that basis denies them.

### COUNTS III through VI

32. Answering paragraphs 42 through 57 of this section, those paragraphs identify allegations for claims that were dismissed by the Court in its order on April 15, 2016, and therefore no response is provided. *See* 4/15/16 Order, ECF No. 3.

### RELIEF REQUESTED

33. Answering paragraph 68 [sic] of this section, Defendant denies Plaintiff's prayer for relief.

### AFFIRMATIVE DEFENSES

1. As a first separate and affirmative defense, Defendant alleges he is entitled to the qualified immunity of good faith because either his conduct was lawful, or an objectively reasonable officer in his position could have believed that his conduct was lawful concerning the incidents in question in light of clearly established law.

2. As a second separate and affirmative defense, Defendant alleges that Plaintiff's harm, if any, resulted from the negligent or wrongful conduct of persons other than Defendant, including Plaintiff's own negligent or wrongful conduct, and that any verdict or judgment against Defendant should be apportioned between the persons at fault pursuant to the doctrine of comparative fault and in accordance with the principles of equity.

3. As a third separate and affirmative defense, Defendant alleges that the arrest and seizures alleged to have been used by Defendant was used with legal cause and therefore was legally justified, privileged, and therefore lawful under federal law.

///

4.      As a fourth separate and affirmative defense, Defendant alleges that Plaintiff has failed to mitigate any claimed damages.

5.      Defendant asserts that he cannot anticipate all affirmative defenses that may be applicable to this action and reserves the right to assert additional affirmative defenses to the extent they may become applicable to the facts of this case.

### **PRAYER**

Wherefore, Defendant prays that Plaintiff take nothing by his Amended Complaint, that Plaintiff's Amended Complaint be dismissed with prejudice, and that the Court award Defendant his costs and attorney's fees and for such further and other relief as the Court may deem proper.

Dated:  September 28, 2016            PLACER COUNTY COUNSEL'S OFFICE

By:         */s/ Clayton T. Cook*
      CLAYTON T. COOK
      Attorney for Defendant John Giovannini

**DEMAND FOR JURY TRIAL**

Defendant John Giovannini hereby demands a jury trial to the full extent that the right to a jury trial is available under state and federal law.

Dated:  September 28, 2016                    PLACER COUNTY COUNSEL'S OFFICE

By: */s/ Clayton T. Cook*
CLAYTON T. COOK
Attorney for Defendant John Giovannini